# ORIGINAL

## In the United States Court of Federal Claims

No. 18-16C

(Filed: May 7, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHARLES R. HODGES, JR., | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED

MAY -7 2018

U.S. COURT OF
FEDERAL CLAIMS

### OPINION AND ORDER

WHEELER, Judge.

Charles R. Hodges, Jr., a *pro se* plaintiff, seeks relief in this Court against the United States for alleged violations of his Eighth and Fourteenth Amendment rights to due process, procedural due process, equal protection of the law, and to be free from cruel and unusual punishment. The Government has filed a motion to dismiss for lack of subject matter jurisdiction. For the reasons explained below, the Court GRANTS the Government's motion to dismiss Mr. Hodges' claims.

### Background

Mr. Hodges is a *pro se* plaintiff currently residing in Chicago, Illinois. See 2nd Am. Compl. at 1. In his Second Amended Complaint, Mr. Hodges claims that he was declared incompetent on August 18, 2011 by an Iowa criminal court, and that the criminal court's finding violated his Fourteenth Amendment due process rights and his Eighth Amendment right to be free from cruel and unusual punishment. Id. at 2–5. Specifically, Mr. Hodges alleges the following counts: (1) violation of his Fourteenth Amendment due process right to a fair trial; (2) violation of his Fourteenth Amendment procedural due process rights; (3) violation of his Fourteenth Amendment right to equal protection of the law; (4) violation of his Fourteenth Amendment due process right to "substituted judgment based on clear

and convincing evidence"; and (5) violation of his Eighth Amendment right to be free from cruel and unusual punishment. Id. at 5. Mr. Hodges also appears to make a claim for social security disability benefits, alleging that "one of these faulty adjudications, I believe caused me to lose my Social Security disability insurance benefits from [August of] 2011 to April of 2013." Id. at 7. It is not entirely clear to the Court whether Mr. Hodges is making a claim for benefits, or to which "faulty adjudication" he refers.

Mr. Hodges filed his original complaint with the Court on January 2, 2018. Dkt. No. 1. Shortly thereafter, Mr. Hodges filed his First Amended Complaint, followed by his Second Amended Complaint. Dkt. Nos. 7, 9. In response to Mr. Hodges' Second Amended Complaint, the Government filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on March 5, 2018. Dkt. No. 10. On April 10, 2018, Mr. Hodges filed a response entitled, "Motion for Objection to Motion to Dismiss for Lack of Jurisdiction and to Enforce Refund of Amount Collected."[1] Dkt. No. 12. The Government filed its reply on May 3, 2018, Dkt. No. 14, and the Court has deemed oral argument unnecessary.

## Discussion

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-

---

[1] In Mr. Hodges' response, he does not address any of the Government's arguments and instead attempts to allege a separate tax refund claim. See Pl.'s Resp. at 3–5. As this claim is not included in Mr. Hodges' pending Second Amended Complaint, the Court will not address it. See Driessen v. United States, 116 Fed. Cl. 33, 44 n.10 (2014) (citing Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998)).

2

movant's favor. Erikson v. Pardus, 551 U.S. 89, 91 (2007). Courts hold pleadings made by *pro se* plaintiffs to a less stringent standard and liberally construe language in the plaintiff's favor. Id. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, none of Mr. Hodges' claims survive the Government's 12(b)(1) motion to dismiss.

This Court lacks jurisdiction to entertain Mr. Hodges' claims that his Eighth and Fourteenth Amendment rights have been violated. Mr. Hodges alleges that the United States, acting through the Iowa criminal court, violated his Fourteenth Amendment due process rights and his Eighth Amendment right to be free from cruel and unusual punishment by declaring him incompetent. See 2nd Am. Compl. at 2–5. However, this Court does not have jurisdiction over Eighth Amendment violations or Fourteenth Amendment due process violations because monetary damages are not available under either of these provisions. Ogden v. United States, 61 Fed. Cl. 44, 47 (2004); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); Stephanatos v. United States, 81 Fed. Cl. 440, 445 (2008). Additionally, while it remains unclear whether Mr. Hodges is making a claim for social security disability insurance benefits, this Court nonetheless also lacks jurisdiction over such claims. See Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[W]e hold that the [Court of Federal Claims] has no jurisdiction under the Tucker Act . . . over claims to social security benefits . . . ." (citations omitted)).

## Conclusion

For the reasons stated above, the Government's motion to dismiss is GRANTED. The Clerk of the Court shall enter judgment accordingly. No costs.

IT IS SO ORDERED.

_____
THOMAS C. WHEELER
Judge